# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00301-CR
### NO. 03-03-00302-CR

**John Albert Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NOS. 46205 & 46854, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In cause number 03-03-00301-CR (local cause number 46205), appellant John Albert Jackson was placed on deferred adjudication community supervision after he pleaded guilty to two counts of theft, one alleging a third-degree felony and the other alleging a state jail felony. *See* Tex. Pen. Code Ann. § 31.03 (West 2003). At a subsequent hearing on the State's motion to adjudicate, appellant pleaded true to five alleged violations of the conditions of supervision and the court adjudged him guilty on both counts. For count one, the court sentenced appellant to ten years' imprisonment. For count two, the court assessed punishment at two years in state jail, but suspended imposition of sentence and placed appellant on community supervision.

In cause number 03-03-00302-CR (local cause number 464854), appellant was placed on deferred adjudication community supervision after he pleaded guilty to aggravated perjury. *See id*. § 37.03. At the same hearing, appellant pleaded true to the violations alleged in the State's

motion to adjudicate in this cause. The court adjudged him guilty and sentenced him to ten years' imprisonment and $500 fine.

Appellant's court-appointed attorney filed briefs concluding that these appeals are frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant exercised his right to examine the records and filed a pro se brief.

Appellant first contends that he is not guilty of any of the offenses for which he was convicted. The records before us contain appellant's written judicial confessions. The facts he seeks to assert in his pro se brief are outside the present records. Appellant may pursue his actual innocence claims in post-conviction habeas corpus proceedings. *See Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002).

Appellant next complains that all three of the attorneys appointed to represent him in these causes—at the time he entered his pleas, at the adjudication hearing, and on appeal—have rendered ineffective assistance. Once again, he asserts facts outside the records. This is also a contention that must be pursued by writ of habeas corpus.

Appellant's third complaint is that his guilty pleas were involuntary. This is a variation on his ineffective assistance of counsel claim, as it is based on alleged coercion by counsel. Again, there is no evidence in the records before us to substantiate appellant's claims.

2

Finally, appellant contends his convictions on two counts of theft constitute double jeopardy. Count one alleged thefts from several individuals pursuant to one scheme or continuing course of conduct in 1993. Count two alleged another series of thefts pursuant to one scheme or continuing course of conduct in 1995. Two convictions for the same statutory offense are not double jeopardy if, as here, they are based on separate and distinct criminal acts.

We have reviewed the records, counsel's briefs, and the pro se brief. We agree that the appeals are frivolous and without merit. We find nothing in the records that might arguably support the appeal. Counsel's motions to withdraw are granted.

The judgments of conviction are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: December 18, 2003

Do Not Publish

3